IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY JEROME BROWN,          :
    Petitioner,            :
                           :
    v.                     :          1:12CV508
                           :          1:08CR253-1
UNITED STATES OF AMERICA,      :
    Respondent.            :

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION
## TO VACATE, TO SET ASIDE, OR TO CORRECT SENTENCE

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, to file the Government's Response to Motion Pursuant to 28 U.S.C. § 2255 to Vacate, to Set Aside, or to Correct Sentence.

**Summary**

Brown has filed numerous motions which allege that he is not an Armed Career Criminal under 18 U.S.C. § 924(e) after <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011)(en banc). The Government believes that Brown should be resentenced, because after <u>Simmons</u>, he is no longer an Armed Career Criminal [ACC]. The Presentence Report (PSR) found that Brown had the following ACC convictions: a conviction on August 3, 2000, for breaking and entering, PSR, ¶ 22 (Attachment #1); another conviction on August 3, 2000, for breaking and entering, PSR, ¶ 23 (Attachment #2); and a conviction for felony speeding to elude arrest from Person County, PSR, ¶ 26. At the sentencing hearing, United States

District Judge Thomas D. Schroeder found that these three convictions formed the basis for Armed Career Criminal punishment. Transcript of April 1, 2009, Sentencing Hearing, p. 13. After Simmons, the two breaking and entering convictions do not count toward ACC punishment because the crimes were Class H felonies, with a prior record level of II. Brown could not have received a sentence greater than twelve months under North Carolina sentencing laws in effect then. N.C. Gen. Stat. §15A-1340.17 (c)-(d). Therefore, there need be no further inquiry, as the Government concedes that Brown should be resentenced. It should be noted that Brown remains validly convicted of felon in possession of a firearm as he has federal convictions for felon in possession of a firearm (PSR, ¶ 25), and escape (PSR, ¶ 27).

Following the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), the Government agrees that, in this case, relief should be granted because the Petitioner has a valid claim that, in light of Simmons, he is no longer punishable as an Armed Career Criminal under 18 U.S.C. § 924(e). Thus, the Government submits that the motion should be considered pursuant to 28 U.S.C. § 2255. The Petitioner has not filed a prior § 2255 and no other procedural vehicle need be considered.

DISCUSSION

28 U.S.C. § 2255

Brown's motion is not timely, as the Fourth Circuit Court of Appeals affirmed Brown's conviction on October 18, 2010. United States v. Brown, 2010 WL 4137516 (4th Cir. 2010). Allowing 90 days for a petition for certiorari, Brown then had until January 18, 2011, to file his post-conviction petition. Brown's initial filing in this case was not until March 29, 2012, (Docket Entry # 37) therefore, he is not timely. In the past, the Government would have asserted the statute of limitations as a defense based on 28 U.S.C. § 2255 (f). After further consideration of the issue, however, the Department of Justice has determined that, in this category of cases, in the interest of justice, the Government will waive reliance on the statute of limitations defense. Cf. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002)(one year statute of limitations for state prisoners "is not jurisdictional" but is instead "an affirmative defense that the state bears the burden of asserting"). Accordingly, the Government is now waiving this procedural defense because the Petitioner has a valid claim that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), he was sentenced to a term of imprisonment that exceeds the otherwise applicable statutory maximum for his offense.

The Supreme Court has explained that, while district courts (and appellate courts) have discretion *sua sponte* to raise a

3

statute of limitations defense in a habeas case when the Government had inadvertently failed to raise it, Wood v. Milyard, 132 S.Ct. 1826, 1834 (2012); Day v. McDonough, 547 U.S. 198, 209 (2006), when the Government intentionally relinquishes the statute of limitations defense, that relinquishment constitutes a waiver that courts may not override. See Day, 547 U.S. at 202 ("[W]e would count it as an abuse of discretion to override a State's deliberate waiver of a limitations defense."); id. at 210 n.11 ("Should [the Government] intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice."); Wood, 132 S.Ct. at 1835 (holding that the State's deliberate decision not to contest the timeliness of a defendant's habeas petition "after expressing its clear and accurate understanding of the timeliness issue" constituted a deliberate waiver). Because of the United States' deliberate waiver of a statute of limitations defense, this Court should reach the merits of the Petitioner's claim.

28 U.S.C. § 1651(a)

The Government respectfully submits that the Court should not grant relief under 28 U.S.C. § 1651(a). Since coram nobis is an extraordinary remedy, "[a]n error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available." United States v. Mandel, 862 F. 2d 1067, 1075 (4th Cir. 1988), cert. denied 491 U.S. 906 (1989). As the Supreme

Court noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996). In order to be entitled to relief in the form of writ of coram nobis, a petitioner must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F. 2d 591, 604 (9th Cir. 1987). The Petitioner has not satisfied the first condition since, following the waiver of the statute of limitations under § 2255 by the United States, a more usual remedy is available here and this matter may be resolved under 28 U.S.C. § 2255.

**Brown's Remaining Claims**

Brown filed many more claims, all of which are moot in light of the Government's concession. In Document #40, Brown claims that his federal escape conviction was used to establish ACC punishment, when the record shows that this assertion is not true. Only the two breaking and entering and the felony fleeing to elude convictions were counted for ACC purposes. The escape conviction was not part of the ACC calculus. Brown also alleges that the two

5

breaking and entering convictions should have been counted as one, and this contention is now also moot.

In Document #44, Brown claims the following: the petition should be considered timely since his lawyer withdrew after the direct appeal without notifying Brown; counsel should have challenged the escape conviction as an ACC predicate; Brown is not an ACC defendant; the guilty plea was involuntary since Brown did not know he would be punished as under the ACC; counsel should have filed a petition for certiorari to the Supreme Court; and that equitable tolling should apply so that the petition would be considered timely.

In Document #45, Brown alleges similar claims, all of which are moot, as follows: the guilty plea was not knowing since escape was listed as an ACC predicate; and the breaking and entering convictions should have been counted as one conviction, and not two.

In Document #46, Brown alleges that the instant petition should be considered timely and that equitable tolling should apply for the same reasons he gave previously.

In Document #47, Brown alleges that <u>Simmons</u> and <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) should apply to his case. In light of the Government's concession, this claim of error is also moot.

6

Conclusion

The Government agrees that the Court should grant Brown's motion for relief under 28 U.S.C. § 2255, and that Brown should be resentenced.

This the 23rd day of October 2012.

>Respectfully submitted,
>
>RIPLEY RAND
>UNITED STATES ATTORNEY
>
>/S/ MICHAEL F. JOSEPH
>Assistant United States Attorney
>NCSB #6698
>United States Attorney's Office
>Middle District of North Carolina
>P.O. Box 1858
>Greensboro, NC  27402
>Phone:  336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTHONY JEROME BROWN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:12CV316 |
| | : | 1:08CR253-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: the Office of the Federal Public Defender's Office.

    Respectfully submitted,

    RIPLEY RAND
    UNITED STATES ATTORNEY


    /S/ MICHAEL F. JOSEPH
    Assistant United States Attorney
    NCSB #6698
    United States Attorney's Office
    Middle District of North Carolina
    P.O. Box 1858
    Greensboro, NC  27402
    Phone:  336/333-5351